UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
STATE OF NEW YORK EX REL. KEN     :
ELDER,                 :
          :
                Plaintiff-Relator,   :      23-CV-3130 (VSB)
          :
      - against -         :      **OPINION & ORDER**
          :
          :
JP MORGAN CHASE BANK, N.A.,     :
          :
                Defendant.   :
------------------------------------------------------------X

Appearances:

David S. Golub
Silver Golub & Teitell LLP
Stamford, CT

Michael S. Devorkin
Golenbock Eiseman Assor Bell & Peskoe LLP
New York, NY
*Counsel for Plaintiff- Relator*

Jennifer M. Wollenberg
Douglas W. Baruch
Morgan, Lewis & Bockius LLP
Washington, DC
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Defendant JP Morgan Chase Bank ("Defendant") removed this New York False Claims Act case from the Supreme Court of the State of New York, County of New York on the basis of federal question jurisdiction. Before me is the motion filed by Plaintiff-Relator Ken Elder ("Relator" or "Elder") to remand this case to the Supreme Court of the State of New York and for attorneys' fees and costs. Because I do not have subject matter jurisdiction over this action,

Relator's motion to remand is GRANTED.  With regard to the motion for costs and fees, because I find that Defendant had an objectively reasonable basis for removal, Plaintiff-Realtor's motion for costs and fees is DENIED.

### I. Background and Procedural History[1]

Relator asserts that Defendant "has engaged in an unlawful multi-year scheme to retain the use and benefit of tens of millions of dollars owed on abandoned cashier's checks that escheat to New York pursuant to New York's Abandoned Property Law ('APL')." (Doc. 12 at 1.)  According to Relator, Defendant has violated New York False Claims Act ("NYFCA") by "falsely assert[ing] that abandoned checks purchased in New York and owned by New York residents are subject to escheatment to the State of Ohio." (*Id.*)  Relator has raised similar claims in other cases that were removed to federal court, including the Indiana Case[2], the California Case[3], and the Illinois Case[4].

In August 2019, Relator filed a complaint against Defendant under seal in the Supreme Court of the State of New York, County of New York, asserting violations of New York state law.  (Doc. 12 at 1.)  On October 26, 2021, while the case was still under seal, Relator filed his third amended complaint.  (Doc. 1-1.)  On April 14, 2023, Defendant filed a notice of removal, citing federal question jurisdiction as its basis for removal.  (Doc. 1, ("Notice of Removal").)  On

---

[1] For the purposes of this motion, I accept as true the well-pleaded facts of the complaint. *Qatar v. First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d 401, 406 (S.D.N.Y. 2020) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." (quoting *Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006))).  I make no findings as to the veracity of these facts.

[2] The "Indiana Case" refers to *State of Indiana ex rel. Elder v. JPMorgan Chase Bank N.A.*, Case No. 22-00696-JMS-MJD (S.D. Ind.).

[3] The "California Case" refers to *California ex rel. Elder v. J.P. Morgan Chase Bank, N.A.*, No. 21-CV-00419-CRB, 2021 WL 1217944 (N.D. Cal. Mar. 31, 2021).

[4] The "Illinois Case" refers to *Illinois ex rel. Elder v. JPMorgan Chase Bank, N.A.*, 552 F. Supp. 3d 812 (N.D. Ill. 2021).

April 25, 2023, Relator filed a motion to remand the action to state court. (Doc.12.) On May 19, 2023, Defendant filed an opposition to Relator's motion to remand. (Doc. 16.) Relator filed a reply on May 25, 2023. (Doc. 20.)

## II. Applicable Law

### A. *Removal Based on Federal Question Jurisdiction*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, a defendant may remove a state court action to federal court if the plaintiff could have originally filed suit in federal court, based on either diversity or federal-question jurisdiction. *Id*.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Thus, a plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense." *Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998).

Furthermore, "in light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citation omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously

3

confine their own jurisdiction to the precise limits which the statute has defined." (citation omitted)).

However, there is an exception to the general rule that the plaintiff is "master of the claim." *Caterpillar Inc.*, 482 U.S. at 392. "[A] plaintiff cannot avoid removal by artful pleading, *i.e.*, by framing in terms of state law a complaint the real nature of which is federal, regardless of plaintiff's characterization . . . , or by omitting to plead necessary federal questions in a complaint." *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27–28 (2d Cir. 1988) (internal citations and quotation marks omitted). "Necessary federal questions" refers to instances in which a well-pleaded complaint is pled "as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." *See Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005). "The artful-pleading doctrine includes within it the doctrine of complete preemption." *Id.* at 272. Thus, if a plaintiff "raises . . . a completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore 'arising under' federal law." *Id.*

On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted); *see also Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979))).

An action must be dismissed if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *see also Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases

over which they lack subject matter jurisdiction."). "In the context of removal, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *U.S. Bank, Nat'l Ass'n as Tr. for Bear Sterns Asset Backed Sec. I Tr. 2006-AC1, Asset-Backed Certificates, Series 2006-AC1 v. Profeta*, No. 3:18-CV-1710 (CSH), 2019 WL 2185725, at *4 (D. Conn. Mar. 26, 2019) (internal citations and quotation marks omitted); *see also Vasura v. Acands*, 84 F. Supp. 2d 531, 540 (S.D.N.Y. 2000) (remanding case to state court, concluding "because diversity jurisdiction was lacking at the time of removal . . . this case was improvidently removed").

### B. *Attorneys' Fees and Costs*

"Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "A basis for removal is objectively reasonable if the removing party had a colorable argument that removal was proper." *Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 683 (S.D.N.Y. 2017) (internal quotations and citations omitted). "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011). However, even if a removal is not improvident or done in bad faith, fees and costs may still be awarded depending on the "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Morgan Guar. Tr. Co. of New York v. Republic of Palau*, 971 F.2d 917, 923–24 (2d Cir. 1992) (citation omitted). The statute "affords a great deal of discretion and flexibility to the district courts in fashioning" such awards. *Id*. at 924.

### III. <u>Application</u>

#### A. *Motion to Remand*

A claim arises under federal law pursuant to the well pleaded complaint rule, when a "federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (cleaned up). Relator asserts only violations of New York state law and does not affirmatively allege "a cause of action created by federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016). (*See* Doc. 1-1.) Accordingly, because Relator's claims do not arise under federal law, Defendant can only establish federal question jurisdiction if the suit falls under an exception to the well-pleaded complaint rule.

According to Defendant, federal jurisdiction applies to Relator's state law claims because a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." (Doc. 16 at 8 (internal citation omitted)). These four elements are referred to as the *Grable* factors, as they were established in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). In opposition, Relator argues that the *Grable* factors do not support federal question jurisdiction. (Doc. 20 at 8.) I agree with Relator.

All four *Grable* factors must be present in order for federal jurisdiction to apply. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Here, Defendant cannot establish the first factor because Relator's complaint does not necessarily raise a federal issue. Although Relator only asserts claims under New York state law, (*see* Doc. 1-1), in the Notice of Removal, Defendant asserts that this matter is properly in federal court because "the question of escheatment priority . . . is a matter of federal, not state, law." (Doc. 1 ¶ 4.) Defendant argues that a federal question is

necessarily raised because "to establish NYFCA liability based on knowing violations of the APL, Relator must show, among other things, that JPM was obliged to report and remit the unclaimed cashier's checks at issue to New York as the state entitled to escheat that property." (Doc. 16 at 10.)

Under the sections of the NYFCA upon which Relator bases his claims, a defendant is liable if it "has possession, custody, or control of property or money used, or to be used, by the state or a local government and knowingly delivers, or causes to be delivered, less than all of that money or property" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or a local government" or "knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state or a local government, or conspires to do the same." N.Y. State Fin. Law § 189(1)(d), (g), (h). Relator asserts that these violations are based on obligations that arise under various sections of the APL, (Doc. 1-1 at 17), including Section 303(1) which provides that "every banking organization shall pay or deliver to the state comptroller all property which, [. . .], was deemed abandoned pursuant to section three hundred of this article, held or owing by such banking organization." N.Y. Aband. Prop. Law § 303.

Relator's affirmative case does not raise any issues of federal law. Defendant's argument fails because even if Relator needs to show that New York had priority over Ohio to the cashiers checks that were escheated to Ohio, this issue does not arise until Defendant raises federal preemption as a defense. "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint." *Caterpillar Inc.*, 482 U.S. 386, 393 (1987). The *Grable* factors do not alter this established principle. *Bowman v. Pathfinder Sols., LLC*, No. 21-CV-

7

6366 CJS, 2023 WL 3962822, at *5 (W.D.N.Y. June 13, 2023).  "[I]f a court could . . . resolve the case without reaching the federal issues, then the claims do not necessarily raise a federal issue" and Relator's claims could be resolved without reaching federal issues.  *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 140 (2d Cir. 2023) (cleaned up).

Defendant unsuccessfully raised this argument in two other federal courts.  *See California ex rel. Elder v. J.P. Morgan Chase Bank, N.A.*, No. 21-CV-00419-CRB, 2021 WL 1217944, at *4 (N.D. Cal. Mar. 31, 2021); *State of Indiana ex rel. Elder v. JPMorgan Chase Bank N.A.*, Case No. 22-00696-JMS-MJD, Order Remanding Case (Doc. 47) (S.D. Ind. Sept. 14, 2002).  Defendant asserts that "[t]he remand decision that is most on point is from the federal court in Illinois, which held that federal question jurisdiction exists over Relator's claims and denied Relator's remand motion." (Doc. 16 at 14.)  However, unlike in this case, the complaint in the Illinois Case expressly referred to federal statutes.

Based on these facts, I reach the same findings as the courts in the California and Indiana Cases.  Because Defendant failed to show that federal question jurisdiction exists for removal, I find that I do not have subject matter jurisdiction over this case.  Therefore, this case must be remanded to state court and Relator's motion to remand is GRANTED.

### B. *Motion for Attorneys' Fees and Costs*

Relator also moves for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Although I do not have jurisdiction over the underlying matter, I retain jurisdiction over the application for attorneys' fees under Section 1447(c).  *Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005).

Relator asserts that because there are decisions by "six district courts" which "expressly

hold that federal priorities law raises a non-removable defense—not an essential element—of a state FCA action alleging fraudulent violations of state abandoned priority law," "JPM has no objectively reasonable basis for removal." (Doc. 12 at 22–23.) Although Defendant's removal petition was unsuccessful, I find that they had an objectively reasonable basis for removal, because the lack of jurisdiction was not obvious "from the face of the removal petition." *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 331 (S.D.N.Y. 2007) (cleaned up). Defendant raised colorable arguments that, although unsuccessful in the Indiana and California Cases, were successful in the Illinois Case. Accordingly, Relator's motion for attorneys' fees and costs is DENIED.

## IV. Conclusion

Because I do not have subject matter jurisdiction to hear this case, the case is REMANDED to the Supreme Court of the State of New York, County of New York. Upon remand of this case, the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: January 2, 2024
     New York, New York

*[signature]*

Vernon S. Broderick
United States District Judge

9